376 P.2d 548

Edwin F. RUSSELL, Plaintiff and Respondent,

v.

Grant L. VALENTINE, Defendant and Appellant.

No. 9648.

Supreme Court of Utah.

Dec. 3, 1962.

---

Hanson & Baldwin, Merlin R. Lybbert, Salt Lake City, for appellant.

Samuel C. Powell, D. Jay Wilson, Ogden, for respondent.

## CALLISTER Justice.

Declaratory judgment action brought by plaintiff lessor seeking an interpretation of a lease and a determination as to whether the lease had terminated. From an adverse judgment defendant appeals.

On May 29, 1950, plaintiff leased to Self-Service Enterprises, Inc. certain property which he owned in Roy, Utah for a term of 10 years. The defendant is the assignee of the lease, through successive assignments, and has been in possession of the property since October 30, 1954.

The written lease contained the following provision:

"8. If the Lessee shall keep, observe and perform all of the terms and conditions of this lease, on his part to be kept and performed, said Lessee shall have the *right to renew this lease for a further period* beginning as of the termination date of this lease, provided he shall notify the Lessor in writing thirty days prior to the terms of this agreement that he desires such renewal and provided, further, that he shall sign or offer to sign a new lease upon the same terms and conditions as are herein contained." (Emphasis added.)

After the defendant had given plaintiff proper written notice seeking to renew the lease for a further period of 10 years, the latter commenced this action to have the lease declared terminated, contending that the renewal clause is ambiguous, indefinite, uncertain and incapable of enforcement. The lower court so found.

The crux of the matter is the phrase "for a further period." We agree with defendant, and plaintiff so concedes, that had the renewal provision not contained these words it could be construed as a "general covenant to renew" for an additional term of 10 years.[1] However, the lease provision

1. 32 Am.Jur., p. 807.

does contain the phrase and it could have a variety of meanings. "For a further period" could mean one day, one week, one month, one year, and so on. The phrase renders the provision so ambiguous and uncertain that its meaning and the intention of the parties must be sought outside the four corners of the lease. It was thus proper for the trial court to permit plaintiff to introduce extrinsic evidence.[2]

Based upon the parol evidence introduced, the trial court found that it was not intended by plaintiff and Self-Service, at the time the lease was executed, that the latter should have a right of renewal for an additional 10 years. This finding is amply supported by the record.

Defendant contends that in construing lease provisions relating to renewals where uncertainty exists, the tenant is favored and not the landlord.[3] However, in the instant case this legal principle is offset by the fact that it was the original lessee, Self-Service, who prepared the lease.

Affirmed. Costs to plaintiff.

WADE, C. J., and HENRIOD, McDONOUGH, and CROCKETT, JJ., concur.

2. Penn Star Mining Co. v. Lyman et al., 64 Utah 343, 231 P. 107.

